IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| JOHN SIDNEY RUPPERSBERGER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ROSARIO MAE RAMOS; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50,<br><br>　　　　　Defendants.<br>_____ | CIVIL NO. 11-00145 ACK/BMK<br><br>**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |

7843-001/211661_2

# FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Before the Court is Plaintiff JOHN SIDNEY RUPPERSBERGER's ("Plaintiff"), Motion to Enforce Settlement Agreement ("Motion"), filed February 13, 2015.

At the initial hearing on the Motion held on April 22, 2015, the Court raised two jurisdictional questions, and gave Plaintiff's counsel the option of submitting a supplemental memorandum to address these two issues, to

wit: (1) whether the federal court has jurisdiction to enforce the settlement; and, (2) whether the federal court has jurisdiction under the "forum defendant rule" of 28 USC Sec. 1441, since Defendant RAMOS is a citizen of Hawaii. On May 21, 2015, Plaintiff filed his First Supplemental Memorandum in support of the Motion to address these jurisdictional issues.

This matter came on for continued hearing before the Honorable Barry M. Kurren on June 9, 2015, at 1:30 p.m. Kurt K. Leong, Esq., appeared on behalf of Plaintiff. Defendant RAMOS appeared by phone, along with Rose Bautista, Immigration Information Specialist with the County of Hawaii. Brian Patrick Sheehy, Esq., also appeared.

After careful consideration of the Motion, the First Supplemental Memorandum, the Declaration and Exhibits in support of the Motion, and the arguments and comments of Plaintiff's counsel and Defendant RAMOS, the Court HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED for the reasons set forth below.

## **FINDINGS OF FACT**

1. At all relevant times herein, Plaintiff is and was a resident of the State of North Carolina.

2. At all relevant times herein, Defendant RAMOS is and was a resident of the County of Hawaii, State of Hawaii.

3. This action originated as a collection action on two promissory notes, executed by Defendant RAMOS in favor of Plaintiff, in the principal amount of $80,000.00.

4. Plaintiff filed his Complaint herein on March 8, 2011.

5. Plaintiff and Defendant RAMOS entered into a settlement in or about January 2012, that was approved by this Court, as set forth in the Stipulation for Dismissal (filed herein on January 3, 2012), Promissory Note, Addendum to Note, Mortgage, and Limited Power of Attorney entered into by and between Plaintiff and Defendant RAMOS.

6. The essential terms of the settlement, as set forth in the Stipulation for Dismissal, Promissory Note, Addendum to Note, Mortgage, and Limited Power of Attorney entered into by and between Plaintiff and Defendant, included:

    a. Defendant RAMOS executed a new $118,000 Promissory Note and Mortgage in favor of Plaintiff, secured by certain rental real property referred to as the "Kaloli" house, located at 15-1414 18th Avenue, Puna, Hawaii, Tax Map Key No. (3) 1-5-044-114 (hereinafter referred to as the "Kaloli House" or the "Kaloli Property");

b. The Promissory Note provided for a quick payoff upon sale of the Kaloli house, which was contemplated to occur by June 30, 2012;

c. If the Kaloli house was not sold by June 30, 2012, the parties agreed that Plaintiff would be authorized to market and sell the Kaloli house; more specifically, Defendant RAMOS agreed:

i. Defendant RAMOS would cause the tenants to vacate the premises;

ii. Plaintiff would be authorized to market the property for sale (at fair market value as determined by appraisal);

iii. Plaintiff would be allowed to move into the Kaloli House (and pay rent of $750.00 per month to Defendant RAMOS);

d. To enable Plaintiff to market the property, Defendant RAMOS executed a Limited Power of Attorney authorizing Plaintiff to market the property;

e. If the sale proceeds were insufficient to satisfy the amounts due under the Promissory Note and Mortgage, the deficiency would be rolled over into a new Promissory Note and Mortgage on another real property owned by Defendant RAMOS, located at 12 Akamai Loop,

Hilo, Hawaii, Tax Map Key No. (3) 2-6-020-019 (hereinafter the "Akamai Property").

f.  The parties also entered into an Addendum to Promissory Note (dated December 28, 2011) to supplement the terms of the Promissory Note and the settlement agreement.

7.  The parties entered into the Stipulation for Dismissal (filed herein on January 3, 2012), approved by the Court, which incorporated the material terms of the settlement, specifically providing that the terms of the settlement consisted of the terms of the $118,000 Promissory Note, Mortgage, and the Limited Power of Attorney.

8.  Defendant RAMOS has breached the settlement agreement and Promissory Note/Mortgage in the following respects:

a.  Defendant RAMOS has not paid the Promissory Note, and did not attempt to sell the Kaloli House as agreed;

b.  Defendant RAMOS failed to evict the tenants by June 30, 2012, as agreed, to allow Plaintiff to market and sell the Kaloli House; she later removed those tenants, but moved in a new tenant and refused to allow Plaintiff to move in, as agreed;

c.  Defendant RAMOS prevented Plaintiff from moving into the Kaloli House;

      d. Defendant RAMOS interfered with Plaintiff's attempts to market the property, including: (i) repeatedly removing "For Sale" signs; (ii) unsuccessfully seeking a restraining order against Plaintiff; and, (iii) purportedly revoking the Limited Power of Attorney.

## **CONCLUSIONS OF LAW**

1. This Court has original jurisdiction of this civil action, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States, pursuant to 28 U.S.C. § 1332.

2. This Court has jurisdiction to enforce the settlement agreement, as the Stipulation for Dismissal incorporated the material terms of the settlement, thus granting this Court ancillary jurisdiction to enforce the settlement. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994). In addition, this Court also has jurisdiction to enforce the settlement agreement as there is an independent basis for federal jurisdiction, as this Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See, e.g.,* Limbright v. Hofmeister, 566 F.3d 672, 674-675 (6th Cir. 2009).

3. The "forum defendant rule" of 28 USC Sec. 1441, which precludes removal if any of the defendants is a citizen of the State in which the action is brought (if removal is based solely on diversity of citizenship),

is inapplicable in this case, as this case was never removed, but instead was originally filed in Federal Court.

4. As a result of Defendant RAMOS' breach of the settlement agreement, the case should be re-opened so that the Court may enforce the settlement.

5. As a result of Defendant RAMOS' breach of the settlement agreement, Plaintiff is entitled to a number of remedies, including damages and specific performance.

6. Under Hawaii law, it is well established in real estate transactions that "specific performance of the contract is a matter of right and equity will enforce it, absent circumstances of oppression and fraud." Kalinowski v. Yeh, 9 Haw. App. 473, 481, 847 P.2d 673 (1993). The rationale for this principle is explained as follows:

> Contracts for the sale of land have traditionally been accorded a special place in the law of specific performance. A specific tract of land has long been regarded as unique and impossible of duplication by the use of any amount of money. Furthermore, the value of land is to some extent speculative. Damages have therefore been regarded as inadequate to enforce a duty to transfer an interest in land.
>
> Id., at 482 (quoting Restatement (Second) of Contracts § 360, comment e, at 174 (1981)).

7. It is well established that public policy, as well as judicial policy and judicial economy, favor the enforcement of settlement agreements to

settle disputes to avoid the need for parties to litigate issues that have been or should be resolved. *See, e.g.*, Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawai'i 149, 175, 73 P.3d 687, 713 (2003) ("Public policy favors the settlement of disputes without resort to the courts, provided such settlements are fairly reached.").

## **RECOMMENDATION**

Based upon the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Motion to Enforce Settlement Agreement should be GRANTED.

As to the specific relief to be granted, Plaintiff requested several alternative forms of relief, including authorizing the Plaintiff to market and sell the Kalohi Property or, in the alternative, appointing a real estate agent to act as the Court-appointed Receiver or Commissioner to market the Kalohi Property for private sale.

The Court FINDS AND RECOMMENDS that:

1. The Court appoint a Receiver to serve without bond to market and sell the Kalohi Property via private sale, and that Plaintiff may suggest proposed real estate agents or attorneys to be appointed as Receiver;

2. The Receiver shall be authorized to:

a. Take immediate possession and control of the Kalohi Property;

b. Collect rents from any tenants or occupants of the Kalohi Property;

c. If necessary, seek to evict or eject any tenants or occupants of the Kalohi Property, including if the tenants or occupants refuse to cooperate with the Receiver's efforts to market and sell the Kalohi Property;

d. If necessary, seek court authority to proceed by way of auction in the event the Kalohi Property cannot be sold by way of private sale within a reasonable period of time;

3. The Receiver's fees and expenses shall be paid from the sale proceeds of the Kalohi Property;

4. Defendant RAMOS shall be enjoined from interfering with the Receiver's efforts to market and sell the Kalohi Property, and shall be enjoined from attempting to regain possession and control of the Kalohi Property during the pendency of this action without further order from this Court;

5. The Court shall retain jurisdiction to supervise and assist the Receiver in the performance of his duties;

6. The Court shall retain jurisdiction, in the event the sale proceeds from the Kalohi Property are insufficient to satisfy the amounts owed under the Promissory Note (i.e., there is a deficiency), to consider Plaintiff's requests to compel Defendant RAMOS to execute another Promissory Note and Mortgage on the Akamai Property, impose an equitable lien and/or constructive trust on the Akamai Property, enter a Deficiency Judgment against Defendant RAMOS, award Plaintiff damages, award Plaintiff reasonable attorney's fees and costs, or take other reasonable and appropriate action.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, July 6, 2015.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Ruppersberger v. Ramos, Civ. No. 11-00145 ACK-BMK; Findings and Recommendation to Grant Plaintiff's Motion to Enforce Settlement Agreement.