IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN SIDNEY RUPPERSBERGER, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Civ. No. 11-00145 ACK-KJM <br> ) |
| ROSARIO MAE RAMOS, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

# ORDER DENYING DEFENDANT'S FEDERAL RULE OF CIVIL PROCEDURE 60(B) MOTION TO SET ASIDE ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

For the reasons set forth below, the Court DENIES Defendant Rosario Mae Ramos' Federal Rule of Civil Procedure 60(b) Motion to Set Aside Order Adopting Magistrate Judge's Findings and Recommendations.

## BACKGROUND

On March 8, 2011, Plaintiff John Sidney Ruppersberger ("Plaintiff" or "Ruppersberger") filed a Complaint in this Court to collect on two promissory notes executed by Defendant Rosario Mae Ramos ("Defendant" or "Ramos") in favor of Plaintiff in the principal amount of $80,000. Compl. ¶¶ 9, 14, ECF No. 1.

On November 4, 2011, the Magistrate Judge held a settlement conference on the record and a settlement was reached. ECF No. 28. Defendant's counsel prepared a

Stipulation for Dismissal. ECF No. 34. The Stipulation for Dismissal had an empty signature line for the Court to sign with "so ordered" written above it. ECF No. 34. After the parties filed the stipulation, the Court approved it on January 3, 2012. Stipulation for Dismissal Order, ECF No. 35. "Approved as to Form" was written above the Court's signature. ECF No. 35. The docket entry notes that the stipulation was signed by the Court. ECF No. 35. The stipulation provided, in pertinent part, as follows:

> 1. The parties hereby agree that the above-captioned action is dismissed and discontinued with prejudice, as to the named defendant, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.
>
> 2. Any and all claims of damages by plaintiff which are the subject of this action or otherwise arise out of any incidents alleged in the Complaint are hereby settled, as against the named defendant, by the terms of the $118,000 mortgage, promissory note and limited power of attorney (collectively hereinafter the "Settlement Documents") in full satisfaction of all claims for damages, costs, disbursement and legal fees.
>
>    . . . .
>
> 4. In consideration for the execution of the Settlement Documents stated in Paragraph #2, above, plaintiff hereby releases the named defendant and her heirs, executors, administrators and assigns, from any and all claims, liabilities and causes of action related to or arising out of any and all of the events set forth in the Complaint in the above-captioned action.

>                     . . . .
>
>          6. This Stipulation of Dismissal and any Order
>             entered thereon shall have no precedential
>             value or effect whatsoever and shall not be
>             admissible in any other action or proceeding
>             as evidence or for any other purpose except in
>             an action or proceeding to enforce this
>             Stipulation of Dismissal.

ECF No. 35, at 1-2.

On February 13, 2015, Plaintiff filed a Motion to Enforce Settlement Agreement. ECF No. 36. At an initial hearing on the Motion, the Magistrate Judge raised a question as to whether the Court had jurisdiction to enforce the settlement. See Pl.'s First Supp. Mem. in Supp. of Pl.'s Mot. to Enforce Settlement Agreement, ECF No. 45, at 2. Plaintiff's Counsel filed a Supplemental Memorandum addressing this issue. Id. at 3-7.

On July 7, 2015, after holding a hearing, Magistrate Judge Barry M. Kurren issued Findings and Recommendations to Grant Plaintiff's Motion to Enforce Settlement Agreement ("F&R"). ECF No. 51. The F&R found that the Court had "jurisdiction to enforce the settlement agreement, as the Stipulation for Dismissal incorporated the material terms of the settlement, thus granting this Court ancillary jurisdiction to enforce the settlement." Id. Conclusions of Law ("COL") ¶ 2 (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994)). Additionally, the F&R noted the Court had jurisdiction

3

because "there is an independent basis for federal jurisdiction," as the Court had diversity jurisdiction. Id. (citing Limbright v. Hofmeister, 566 F.3d 672, 674-75 (6th Cir. 2009)).

The F&R noted that as part of the Settlement Agreement, Defendant executed a new $118,000 Promissory Note and Mortgage in favor of Plaintiff. Id. Findings of Fact ("FOF") ¶ 6(a). The Promissory Note and Mortgage were secured by the property referred to as the "Kaloli House." Id. The F&R concluded that Defendant breached the settlement agreement by, inter alia, failing to pay the Promissory Note and not attempting to sell the Kaloli House, as agreed to by the parties. Id. at 8(a).

The Magistrate Judge recommended that the Court appoint a Receiver to market and sell the Kaloli House. Id. at 8. The F&R also recommended that the Court retain jurisdiction to supervise and assist the Receiver to perform his duties. Id. No objections to the F&R were filed and on July 27, 2015, the Court entered its Order Adopting the F&R. ECF No. 53.

On September 4, 2015, the Court entered an Order appointing a Receiver. ECF No. 54. On May 3, 2016, the Magistrate Judge entered an Order Granting Plaintiff's Motion to Substitute Receiver. ECF No. 63. On December 27, 2016, the Receiver filed a Motion for Writ of Possession and Ejectment

4

("Motion"). ECF No. 64. The Motion requests that the Court issue a writ of possession and ejectment for the Kaloli Home. Id. at 1. Defendant filed a Memorandum in Opposition to the Motion for Writ of Possession and Ejectment on January 9, 2017. ECF No. 68.[1]

Concurrently with her Opposition, Defendant also filed the instant Rule 60(b) Motion. ECF No. 67. Plaintiff filed an Opposition on February 16, 2017. ECF No. 73. Defendant filed a Reply on February 27, 2017. ECF No. 75. The Court held a hearing on the Rule 60(b) Motion on March 13, 2017 at 11:00 a.m.

**STANDARD**

Federal Rule of Civil Procedure ("Rule") 60(b)(4) provides relief from a final judgment, order, or proceeding where "the judgment is void." Fed. R. Civ. Pr. 60(b)(4); see also Dietz v. Bouldin, 794 F.3d 1093, 1096 (9th Cir. 2015). "Motions to set aside a judgment as void under Rule 60(b)(4) may be brought at any time." Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA, 581 F. App'x 679, 682 (9th Cir. 2014) (citing Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th

---

[1] The Court initially scheduled a hearing on the Motion for Writ of Possession and Ejectment. However, given the issues raised in the instant Motion, the Court vacated the hearing date, finding it necessary to consider the instant Motion prior to considering the Motion for Writ of Possession and Ejectment. ECF No. 69. The Court informed the parties that a hearing on the Motion for Writ of Possession and Ejectment would be scheduled on a later date as necessary. ECF No. 69.

5

Cir. 1987)); see also Elizares v. Taylor, Civ. No. 16-00580 HG-RLP, 2016 WL 7326073, at *3 (D. Haw. Dec. 15, 2016) (same); Inland Concrete Enterprises, Inc. v. Kraft, No. LA CV 10-01776, 2016 WL 7176692, at *26 (C.D. Cal. Aug. 24, 2016) (same).[2]

The Supreme Court has held that a Rule 60(b)(4) motion "is not a substitute for a timely appeal." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). Rather, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. "A judgment is not void, . . . simply because it is or may have been erroneous." Id. (internal quotation marks omitted). Moreover, "[f]ederal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction." Id. (internal quotation marks omitted).

## DISCUSSION

Defendant argues that, pursuant to Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), the Court did not retain jurisdiction over the settlement agreement and

---

[2] Therefore, contrary to Plaintiff's argument, Defendant's motion is not untimely.

6

therefore does not have the authority to enforce its contents. In Kokkonen, the Supreme Court stated that enforcement of a settlement agreement is "more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for [federal] jurisdiction." Id. at 378. The Supreme Court further held that federal courts, rather than state courts, have jurisdiction over the enforcement of a settlement agreement if: (1) there is an independent basis for jurisdiction; or (2) "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Id. at 381-82; see also Hajro v. United States Citizenship & Immigration Servs., 811 F.3d 1086, 1099, 1100 n.8 (9th Cir. 2016).[3] The Court denies

---

[3] The Kokkonen court further clarified:

> When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), the parties' compliance with the terms of the settlement contract (or the court's retention of jurisdiction over the contract) . . . may, in the court's discretion, be one of the terms set forth in the order . . . [when] the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) . . . the court is authorized to embody the settlement contract in its
> (continued . . . )

7

Defendant's motion because there is an independent basis for jurisdiction. Accordingly, the Court need not address whether the settlement terms were incorporated into the stipulation of dismissal.

There is an "independent basis for federal jurisdiction," as the Court has diversity jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 382 (1994); see also Colyer v. Traveler's Ins. Co., 525 F. App'x 308, 313 (6th Cir. 2013) (holding that the district court had jurisdiction to enforce a settlement agreement solely based on diversity jurisdiction); Limbright v. Hofmeister, 566 F.3d 672, 674-75 (6th Cir. 2009) ("We join [the Seventh, First, and Fourth] circuits and hold that a district court may rely on any basis of jurisdiction to summarily enforce a settlement agreement that produced the dismissal of an earlier federal suit."); Blue Cross & Blue Shield Ass'n v. Am. Express Co., 467 F.3d 634, 638 (7th Cir. 2006) ("As long as § 1332 supplies authority to decide, the court may act without a fresh complaint."); O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir.

---

( . . . continued)
    dismissal order (or, what has the same
    effect, retain jurisdiction over the
    settlement contract) if the parties agree.

511 U.S. 375, 381-82 (1994) (internal quotation marks omitted).

1995) (per curiam) (recognizing that diversity jurisdiction can provide an independent basis for federal jurisdiction over the enforcement of a settlement agreement).

Plaintiff is a citizen of North Carolina and Defendant is a citizen of Hawaii.[4]  ECF No. 1.  The amount in controversy exceeds $75,000, as the settlement dispute involves at least $118,000.  ECF No. 35.  The Court, therefore, has diversity jurisdiction over the dispute related to the settlement agreement.  See 28 U.S.C. § 1332.

Accordingly, the Court finds that Plaintiff's domicile is North Carolina and Defendant's domicile is Hawaii and the amount in controversy is at least $118,000, as evidenced by the Mortgage and Promissory Note, and concludes that there is diversity jurisdiction. The Court, therefore, DENIES Defendant's Rule 60(b) Motion to Set Aside Order Adopting Magistrate Judge's Findings and Recommendations.

---

[4] Defendant argued in her Reply that Plaintiff's domicile is questionable; Defendant does not know whether Plaintiff's domicile is North Carolina, Hawaii, or both.  The documents in the record demonstrate that Plaintiff is domiciled in North Carolina.

At the hearing, the Court noted that Plaintiff's Complaint asserted diversity jurisdiction based on Plaintiff's domicile in North Carolina and Defendant's domicile in Hawaii.  The Court asked Plaintiff's counsel to file an affidavit confirming Plaintiff's domicile.  The Court then asked Defendant's counsel whether she had any objection to such filing, and Defendant's counsel responded that she had no objection.  Plaintiff filed an affidavit confirming that his domicile is in North Carolina on March 17, 2017.  ECF No. 79.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant Rosario Mae Ramos' Federal Rule of Civil Procedure 60(b) Motion to Set Aside Order Adopting Magistrate Judge's Findings and Recommendations.[5]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 24, 2017.



_____
Alan C. Kay
Sr. United States District Judge

Ruppersberger v. Ramos, Civ No. 11-00145, Order Denying Defendant's Federal Rule of Civil Procedure 60(b) Motion to Set Aside Order Adopting Magistrate Judge's Findings and Recommendations

---

[5] Plaintiff has requested for the Court to award attorneys' fees and costs in responding to Defendant's Motion. Given the Court's ruling, Plaintiff may file a separate motion requesting such fees and costs and providing support for such relief, and Defendant can have the opportunity to object to such request.