IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JOHN SIDNEY RUPPERSBERGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civ. No. 11-00145 ACK-KJM |
| | ) |
| ROSARIO MAE RAMOS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER DENYING RECEIVER'S MOTION FOR WRIT OF POSSESSION AND EJECTMENT

For the reasons set forth below, the Court DENIES the Receiver's Motion for Writ of Possession and Ejectment. In view of this ruling, the Court also dismisses Receiver Heaukulani.

## BACKGROUND

On March 8, 2011, Plaintiff John Sidney Ruppersberger ("Plaintiff" or "Ruppersberger") filed a Complaint in this Court to collect on two promissory notes executed by Defendant Rosario Mae Ramos ("Defendant" or "Ramos") in favor of Plaintiff in the principal amount of $80,000. Complaint ¶¶ 9, 14, ECF No. 1.

On November 4, 2011, the Magistrate Judge held a settlement conference on the record and a settlement was reached. ECF No. 28. After the parties filed the Stipulation for Dismissal, the Court approved it on January 3, 2012. ECF

1

No. 35.  The stipulation provided, in pertinent part, as

follows:

> 1.  The parties hereby agree that the
>     above-captioned action is dismissed and
>     discontinued with prejudice, as to the
>     named defendant, pursuant to Rule 41(a)
>     of the Federal Rules of Civil
>     Procedure.
>
> 2.  Any and all claims of damages by
>     plaintiff which are the subject of this
>     action or otherwise arise out of any
>     incidents alleged in the Complaint are
>     hereby settled, as against the named
>     defendant, by the terms of the $118,000
>     mortgage, promissory note and limited
>     power of attorney (collectively
>     hereinafter the "Settlement Documents")
>     in full satisfaction of all claims for
>     damages, costs, disbursement and legal
>     fees.
>
>     . . . .
>
> 4.  In consideration for the execution of
>     the Settlement Documents stated in
>     Paragraph #2, above, plaintiff hereby
>     releases the named defendant and her
>     heirs, executors, administrators and
>     assigns, from any and all claims,
>     liabilities and causes of action
>     related to or arising out of any and
>     all of the events set forth in the
>     Complaint in the above-captioned
>     action.
>
>     . . . .
>
> 6.  This Stipulation of Dismissal and any
>     Order entered thereon shall have no
>     precedential value or effect whatsoever
>     and shall not be admissible in any
>     other action or proceeding as evidence
>     or for any other purpose except in an

> action or proceeding to enforce this
> Stipulation of Dismissal.

ECF No. 35 at 1-2.

On February 13, 2015, Plaintiff filed a Motion to Enforce Settlement Agreement. ECF No. 36. At an initial hearing on the Motion, the Magistrate Judge raised a question as to whether the Court had jurisdiction to enforce the settlement. See ECF No. 45 at 2. Plaintiff's Counsel filed a Supplemental Memorandum addressing this issue. Id. at 3-7.

On July 7, 2015, after holding a hearing, Magistrate Judge Barry M. Kurren issued Findings and Recommendation to Grant Plaintiff's Motion to Enforce Settlement Agreement ("F&R"). ECF No. 51. The F&R found that the Court had "jurisdiction to enforce the settlement agreement, as the Stipulation for Dismissal incorporated the material terms of the settlement, thus granting this Court ancillary jurisdiction to enforce the settlement." Id. Conclusions of Law ("COL") ¶ 2. Additionally, the F&R noted the Court had jurisdiction because the Court had diversity jurisdiction. Id.

The F&R also noted that as part of the Settlement Agreement, Defendant executed a new $118,000 Promissory Note and Mortgage in favor of Plaintiff. Id. Findings of Fact ("FOF") ¶ 6(a). The Promissory Note and Mortgage were secured by rental real property referred to as the "Kaloli House" or the

"Property," located at 15-1414 18th Avenue, Puna, Hawai`i, Tax
Map Key No. (3) 1-5-044-114.  Id.  The Promissory Note provided
for a quick payment upon the sale of the Kaloli House, which was
contemplated to occur by June 30, 2012.  Id.  FOF ¶ 6(b).  If
the Kaloli House was not sold by June 30, 2012, the parties
agreed that Plaintiff would be authorized to market and sell it.
Id.  FOF ¶ 6(c).  Specifically, Defendant agreed that she would
cause the tenants to vacate the premises, and Plaintiff would be
authorized to market the Property for sale and move into the
Kaloli House and pay Defendant rent.  Id.  To enable Plaintiff
to market the Property, Defendant executed a Limited Power of
Attorney authorizing Plaintiff to market it.  Id. FOF ¶ 6(d).
If the sale proceeds were insufficient to satisfy the amounts
due under the Promissory Note and Mortgage, the deficiency would
be rolled over into a new Promissory Note and Mortgage on
another real property owned by Defendant.  Id. ¶ 6(e).

     The F&R concluded that Defendant breached the
Settlement Agreement by, inter alia, failing to pay the
Promissory Note and not attempting to sell the Kaloli House, as
agreed to by the parties.  Id. FOF ¶ 8.  Defendant also failed
to evict the tenants, as the parties agreed, and interfered with
Plaintiff's attempts to market and sell the Kaloli House.  Id.
Specifically, Plaintiff removed "For Sale" signs, unsuccessfully
sought a restraining order against Plaintiff, and purportedly

revoked the Limited Power of Attorney.  Id.  The Magistrate

Judge recommended that the Court appoint a Receiver to market

and sell the Kaloli House.  Id. at 8.  The F&R also recommended

that the Court retain jurisdiction to supervise and assist the

Receiver to perform his duties.  Id.  No objections to the F&R

were filed and on July 27, 2015, the Court entered its Order

Adopting the F&R.  ECF No. 53.

On September 4, 2015, the Court entered an Order

appointing a Receiver.  ECF No. 54.  On May 3, 2016, the

Magistrate Judge entered an Order Granting Plaintiff's Motion to

Substitute Receiver.  ECF No. 63.  In the Order, the Magistrate

Judge appointed Charles M. Heaukulani as Receiver to market and

sell the Kaloli House.  Id. at 3.  The Receiver was authorized

to: (1) take immediate possession and control of the Kaloli

House; (2) collect rents from any tenants or occupants of the

house; (3) if necessary, seek to evict or eject any tenants or

occupants; and (4) if necessary, seek court authority to proceed

by way of auction in the event the Property could not be sold by

a private sale within a reasonable time period.  Id.  The Order

enjoined Defendant from interfering with the Receiver's efforts

to market and sell the Kaloli House and from attempting to

regain possession and control of the Kaloli House during the

pendency of the action.  Id. at 3-4.  The Court also retained

jurisdiction to supervise and assist the Receiver in performing his duties. Id. at 4.

On December 27, 2016, the Receiver filed a Motion for Writ of Possession and Ejectment ("Motion"). ECF No. 64. The Motion requests that the Court issue a writ of possession and ejectment for the Kaloli House. Id. at 1. The Receiver states that neither the Defendant nor the present occupants of the Kaloli House have been cooperative in his efforts to market and sell the Property. Id. at 2. He has not been able to obtain a copy of the lease for the tenant currently residing in the Property, and he has reached out to Defendant on numerous occasions and has received a limited or no response. Id. at 2. The Receiver believes that the present occupants of the Property are Zachere C. Andrade and others. Id.[1]

The Receiver states that access to the Kaloli House is necessary to schedule inspections and address deferred maintenance. He also wishes to determine whether several issues related to the condition of the Property—including termite evidence in the downstairs bathroom, an inoperable hot water heater, and a water leak and related wood rot in the kitchen and

_____

[1] Plaintiff filed his Motion to Enforce the Settlement Agreement against, inter alia, JOHN DOE 1-50 and JANE DOE 1-50 defendants who are persons whose names and identities are presently unknown to Plaintiff and who are located on the Kaloli House without Plaintiff's or the Receiver's authorization or permission. ECF No. 34. The Receiver's Motion similarly includes these Defendants. ECF No. 64.

pantry dining areas—are worth repairing before marketing the Property for sale.  Id.  Defendant filed a Memorandum in Opposition to the Motion on January 9, 2017.  ECF No. 68.[2]  On April 3, 2017, Plaintiff filed his Reply.  ECF No. 83.

Concurrently with her Opposition, Defendant also filed a Rule 60(b) Motion to Set Aside the Order Adopting the Magistrate Judge's Findings and Recommendation, arguing that the Court's decision that it retained jurisdiction over the Settlement Agreement was void.  ECF No. 67.  On March 24, 2017, the Court denied Defendant's Rule 60(b) Motion, finding the Court had jurisdiction to enforce the Settlement Agreement under diversity jurisdiction.  ECF No. 81.  On the same day, the Court set a hearing on the Motion for Writ of Possession and Ejectment for April 17, 2017.

On April 12, 2017, Defendant appealed Court's Order Denying Defendant's Motion to Set Aside Order Adopting Magistrate Judge's Findings and Recommendation.  On January 16, 2018, the Court of Appeals for the Ninth Circuit entered an order dismissing the case due to Defendant's failure to file an opening brief.  On February 5, 2018, Defendant filed a Motion to

---

[2] The Court initially scheduled a hearing on the Motion for Writ of Possession and Ejectment.  However, given the issues raised in the Rule 60(b) Motion, the Court vacated the hearing date, finding it necessary to consider the Rule 60(b) Motion prior to considering the Motion for Writ of Possession and Ejectment. ECF No. 69.

Reinstate the Case, which the court denied on March 26, 2018.

On April 17, 2018, Defendant filed another Motion to Reinstate the Case, along with an Opening Brief. On June 20, 2018, the court denied Defendant's second Motion to Reinstate the Case.

On August 13, 2018, Plaintiff requested that this Court place the Motion for Writ of Possession and Ejectment back on its calendar. The Court held a hearing on the Motion for Writ of Possession and Ejectment on December 3, 2018.

## DISCUSSION

The All Writs Act, 28 U.S.C. § 1651(a), permits "all courts established by Act of Congress" to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." See In re Lakusta, No. C 06-6105, 2007 WL 2255230, at *3 (N.D. Cal. Aug. 3, 2007); see also Hamilton v. Nakai, 453 F.2d 152, 157 (9th Cir. 1971) (stating that "powers under § 1651(a) should be broadly construed"). In the absence of a governing federal statute, federal courts must apply state law remedies when the case involves the seizure of property. See Ford Motor Credit Co. v. Sebastopol Ford, Inc., No. C-07-cv-1783 JSW (EMC), 2007 WL 1189749, at *1-2 (N.D. Cal. Apr. 19, 2007) (applying California law governing writ of possession of personal property).

It is well settled that courts have inherent authority to enforce agreements that settle litigation before it.  See Bouwman v. RBC Mortg. Co., 336 F. App'x 621, 622 (9th Cir. 2009) (affirming order compelling specific performance on the parties' settlement agreement); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.").

Under Hawai`i law, the Court must construe a settlement agreement under ordinary contract principles.  See State Farm Fire & Cas. Co. v. Pacific Rent-All, Inc., 90 Haw. 315, 323-24, 978 P.2d 753, 761-62 (1999).  When the terms of a contract are definite and unambiguous there is no room for interpretation.  Wong v. Cayetano, 111 Haw. 462, 481, 143 P.3d 1, 20 (2006).  Furthermore, under Hawai`i law, it is well established that in contracts for the sale of real property, "specific performance of contract is a matter of right and equity will enforce it, absent circumstances of oppression and fraud."  Kalinoski v. Yeh, 9 Haw. App. 473, 481, 847 P.2d 673, 678 (1993).

Under the plain terms of the Settlement Agreement, the $118,000 Promissory Note and Mortgage were secured by the Kaloli House.  The Promissory Note provided for a payment upon the sale of the Kaloli House, which Defendant agreed to sell by June 30,

2012.  If the Kaloli House was not sold by that date, the
parties agreed that Plaintiff would be authorized to market and
sell it.  Defendant also agreed that she would cause the tenants
to vacate the premises.  To enable Plaintiff to market the
Property, Defendant executed a Limited Power of Attorney
authorizing Plaintiff to market it.  As set forth in the
Magistrate Judge's F&R, Defendant did not fulfill her
obligations under the Settlement Agreement.  She did not pay the
Promissory Note, attempt to sell the house, or cause the tenants
to vacate the premises.  In fact, Defendant thwarted Plaintiff's
attempts to market the Property or to allow Plaintiff to move
into the Property by removing "For Sale" signs, unsuccessfully
seeking a restraining order against Plaintiff, and purportedly
revoking the Limited Power of Attorney.  Since the Court's Order
Adopting the Magistrate Judge's F&R, Defendant continues to be
uncooperative.

          To enforce the terms of the Settlement Agreement
through specific performance, the Court appointed a Receiver to
market and sell the Property.  The Court authorized the Receiver
to, inter alia, take possession and control of the Kaloli House
and if necessary to seek to evict or eject any tenants of the
Kaloli House.  The Court also retained jurisdiction to assist
the Receiver in the performance of his duties.  Because

Defendant and her tenants have failed to cooperate, the Receiver has been unable to enforce the Settlement Agreement.

Notwithstanding the Court's reservation of jurisdiction to assist the Receiver in enforcing the settlement agreement, along with Defendant's brazen lack of cooperation, the Court finds that granting the Receiver's Writ of Possession and Ejectment is not appropriate given the facts of the instant case.

Defendant argues that Plaintiff does not have title to the Property and therefore cannot obtain a writ of possession and ejectment.  Under Hawai`i law, to maintain a possession and ejectment action, the plaintiff must prove that he owns the parcel in issue, meaning that he or she must have "'the title to and right of possession of'" such parcel.  <u>Kondaur Capital Corp. v. Matsuyoshi</u>, 136 Haw. 227, 241, 361 P.3d 454, 468 (2015) (quoting <u>Carter v. Kaikainahaole</u>, 14 Haw. 515, 516 (Haw. Terr. 1902) (holding that an action of ejectment is the remedy at law for a "complainant who has the title to and right of possession of certain land")).  Additionally, the plaintiff must establish that "'possession is unlawfully withheld by another.'"  <u>Id.</u>

Although Plaintiff has the right of possession and Defendant has unlawfully withheld possession of the Property, neither Plaintiff nor the Receiver has ownership of or title to the Property.  Plaintiff, in his Reply, argues that the

appointment of a Receiver divested Defendant of possession,
management and control of the property.  Reply at 3.  Although
the Receiver has the right of possession and Defendant has
wrongfully withheld possession, no order of this Court has
divested Defendant of title to the Property.  Accordingly, the
Court finds that the Receiver has not met the title element that
is required in order for this Court to grant the Receiver's
Motion for Writ of Possession and Ejectment.

      In addition, it is well-settled that under Hawai`i
law, courts have the power to specifically enforce valid
contracts for the sale of real property.  See, e.g., Kalinowski,
9 Haw. App. at 481-82, 847 P.2d at 678-79 (holding that specific
performance is available to a purchaser of a specific
condominium unit where the seller breaches the sale agreement);
Scotella v. Osgood, 4 Haw. App. 20, 25, 659 P.2d 73, 76-77
(1983) (finding that specific performance of a contract for the
purchase of land may be decreed even where the buyer seeking
enforcement has breached the contract); Hurst v. Kukahi, 25 Haw.
194, 195 (Haw. Terr. 1919) (holding that specific performance of
a contract for the sale of land is appropriate absent a showing
of unfairness, injustice, inequality, or grossly inadequate
consideration).

      The Court is unaware, however, of any Hawai`i cases
involving specific performance of a settlement agreement

concerning real property similar to the one at issue before the Court. Here, the Settlement Agreement required Defendant to sell the Property in order to pay a promissory note. ECF No. 51 FOF ¶ 6(b). When Defendant failed to sell the Property by June 30, 2012, the Settlement Agreement granted Plaintiff the right to market and sell the Property in order to pay the Promissory Note. Id. FOF ¶ 6(c). However, Plaintiff and Defendant are not parties to an agreement for the sale of land, where one party is seeking specific enforcement against the other—they are parties to an agreement that authorizes Plaintiff to sell Defendant's real property in order to satisfy a debt. Therefore, the facts of this case are distinguishable from those Hawai`i cases where courts have decreed specific performance of contracts for the sale of real property. See Kalinowski, 9 Haw. App. at 481-82, 847 P.2d at 678-79; Scotella, 4 Haw. App. at 25, 659 P.2d at 76-77; Hurst, 25 Haw. at 195. For the foregoing reasons, the Court finds that specific performance is inappropriate in this case.

However, the Court notes that Plaintiff holds a Mortgage on the Property in amount of $118,000.00 which Defendant executed as part of the Settlement Agreement. See ECF No. 36-6. After a mortgagee brings a foreclosure action and establishes title to a property, a court may issue a writ of

possession and ejectment in order to remove the mortgagor from the property.  <u>Carter</u>, 14 Haw. at 516.

Plaintiff's Mortgage on the Property secures the Promissory Note and its Addendum, which Defendant also executed pursuant to the Settlement Agreement.  <u>See</u> ECF No. 36-4, 36-5. The Mortgage sets forth Plaintiff's remedies, including his right to foreclose the Mortgage, in the event Defendant fails to pay the Promissory Note or breaches a covenant contained in the Mortgage.  The Magistrate Judge found that the Settlement Agreement was breached for numerous reasons, including that Defendant did not pay the Promissory Note.  ECF No. 51 FOF ¶ 8.

For the foregoing reasons, and in accordance with the discussion at the Court's Hearing held on December 3, 2018, Plaintiff may proceed with enforcement of the Settlement Agreement by amending his complaint to foreclose his Mortgage.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Receiver's Motion for Writ of Possession and Ejectment.  The Court grants Plaintiff leave to file an Amended Complaint to foreclose his Mortgage on the Property.[3]  Plaintiff must file his Amended Complaint within thirty days of the entry of this Order.

---

[3] Since Plaintiff has been granted leave to amend his complaint in order to foreclose his Mortgage, it appears that there is no need at this time for Mr. Haeukulani to serve as Receiver. Accordingly, Mr. Haeukulani is dismissed from this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, December 4, 2018.



_____
Alan C. Kay
Sr. United States District Judge

However, the Court notes at this time that Mr. Haeukulani may be
reappointed as Commissioner during the foreclosure sale.