```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF HAWAI`I
```

| | |
|---|---|
| JOHN SIDNEY RUPPERSBERGER, )<br>  )<br>   Plaintiff, )<br>  )<br>   vs. )<br>  )<br>ROSARIO MAE RAMOS, )<br>  )<br>   Defendant. )<br>  )<br>  ) | Civ. No. 11-00145 ACK-KJM |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

For the reasons discussed below, the Court DENIES Defendant's Motion for Reconsideration, ECF No. 136 (the "Motion").

**BACKGROUND**

The relevant factual and procedural history of this case was outlined in the Court's order granting summary judgment, ECF No. 134, Ruppersberger v. Ramos, No. CV 11-00145 ACK-KJM, 2020 WL 1894400 (D. Haw. Apr. 16, 2020) (the "April 16 Order"), on which Defendant now seeks reconsideration. The Court incorporates that background by reference here and will review the history as is pertinent to its discussion below.

After the April 16 Order was issued, Defendant filed her Motion seeking reconsideration under Federal Rule of Civil

Procedure ("Rule") 59(e).  See Reply, ECF No. 139, at 2. Pursuant to the Court's direction, Plaintiff filed his opposition on June 5, and Defendant filed her reply on June 12. Motions for reconsideration are decided without a hearing under Local Rule 7.1(d).

## STANDARD

Under Rule 59(e), a litigant may file "[a] motion to alter or amend a judgment" within 28 days after entry of the judgment.  "The Rule gives a district court the chance to rectify its own mistakes in the period immediately following its decision."  Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (internal quotation marks and citation omitted).  "In keeping with that corrective function, 'federal courts generally have [used] Rule 59(e) only' to 'reconsider[] matters properly encompassed in a decision on the merits'" and "will not address new arguments or evidence that the moving party could have raised before the decision issued."  Id. (quoting White v. N.H. Dept. of Emp't Sec., 455 U.S. 445, 450, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982) (alternations in original)); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5, 128 S. Ct. 2605, 2617, 171 L. Ed. 2d 570 (2008) (stating that a Rule 59(e) motion for reconsideration may not present evidence or raise legal

arguments that could have been presented at the time of the challenged decision).

Rule 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citation omitted). The Ninth Circuit has announced "four basic grounds upon which a Rule 59(e) motion may be granted": (1) "to correct manifest errors of law or fact"; (2) "newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) if there is "an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011); Bylsma v. Hawaii, No. 19-CV-00535-DKW-WRP, 2020 WL 759119, at *1 (D. Haw. Feb. 14, 2020).

Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

**DISCUSSION**

Defendant seeks reconsideration of the April 16 Order on two bases.  First, Defendant argues that the Court failed to consider that the statute of limitations should bar Plaintiff's claim.  Second, Defendant argues that the Court failed to consider enforcing the parties' forum selection clause.  The Court rejects both arguments and DENIES Defendant's Motion.

**I.   Statute of Limitations**

**a. History of the Court's April 16 Order**

This case was initially filed in 2011 based on Defendant's failure to pay two promissory notes.  The parties reached settlement later that year, the terms of which included Defendant executing a new promissory note in favor of Plaintiff secured by a mortgage, and Plaintiff dismissing the case.  The parties entered a self-executing stipulated dismissal of that original action with prejudice, which the Court approved as to form only in January 2012.  ECF No. 35.

After the parties reached settlement, however, Defendant committed ongoing and blatant violations of that settlement.  See ECF Nos. 51, 53.  Plaintiff returned to the Court and sought enforcement of the parties' settlement agreement.  ECF No. 36.  In so doing, Plaintiff did not pay a new filing fee and obtain a new case number; instead Plaintiff

filed a subsequent Motion to Enforce the Settlement (the "Enforcement Motion") under the original case heading.

Nearly three years of litigation followed during which the Court granted Plaintiff's Enforcement Motion, ECF Nos. 51, 53; the Court appointed a receiver, ECF No. 54; and the receiver sought a writ of possession and ejectment, ECF No. 64.  These developments culminated in December 2018 when the Court denied the receiver's motion for a writ of possession and ejectment.  ECF No. 99.  The Court held that Defendant successfully resisted the eviction motion because neither Plaintiff nor the receiver had title to the property and therefore under the law were not entitled to proceed with an eviction remedy.  Plaintiff's only remedy at that juncture was to seek to foreclose the mortgage Plaintiff held on the property.  Accordingly, the Court granted Plaintiff leave to file an amended complaint pursuing foreclosure.  Plaintiff filed an amended complaint three weeks later, ECF No. 100, and then moved for summary judgment on the amended complaint, ECF No. 110 (the "Summary Judgment Motion").

In opposing Plaintiff's Summary Judgment Motion, Defendant argued at length that the Supreme Court's holding in Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) meant that the Court lacked jurisdiction over this case.  ECF No. 119.  Defendant acknowledged that the Court had diversity jurisdiction over the

original complaint but argued that the Court was divested of jurisdiction when the parties entered a self-executing stipulation of dismissal with prejudice.

The April 16 Order ultimately rejected Defendant's argument.  First, the Court acknowledged that it lacked jurisdiction over the original complaint under Kokkonen.  ECF No. 134.  But diversity was still present with regard to the subsequent enforcement dispute and Defendant herself conceded that Plaintiff could merely refile the same action in the same court.  ECF No. 119 at 22-23.  The Court relied on analogous precedent from the Supreme Court, the Ninth Circuit, and other district courts to find that—in certain instances—it is appropriate to construe an amended complaint as a new action.  Construing Plaintiff's amended complaint as a new action, the Court found that it has diversity jurisdiction over the case.  The Court then granted the motion for summary judgment.

### b. The Reconsideration Motion

Seeking reconsideration, Defendant now argues that treating the amended complaint as a new action for jurisdictional purposes created a statute of limitations problem for Plaintiff.  Enforcement of a settlement agreement is a breach of contract dispute, Kokkonen, 511 U.S. at 381, to which a six-year limitation period applies, HRS § 657-1.  Because the first breach of the settlement agreement occurred by June 2012,

and the amended complaint was not filed until December 2018, Defendant argues that the six-year limitations period had elapsed.

The Court rejects Defendant's argument because the Court finds that equitable tolling applies.  Equitable tolling of the limitations period applies when a plaintiff "has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way" preventing timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010); see also Office of Haw. Affairs v. State, 110 Haw. 338, 360, 133 P.3d 767, 789 (2006) (providing the same requirements for equitable tolling of a Hawaii statute).  Plaintiff meets both requirements here.[1]

---

[1] Federal tolling principles further provide that "time bars in suits between private parties are presumptively subject to equitable tolling." United States v. Kwai Fun Wong, 575 U.S. 402, 407, 135 S. Ct. 1625, 1630, 191 L. Ed. 2d 533 (2015).  That presumption may be rebutted by a showing that the relevant limitation period was clearly intended by Congress as a "jurisdictional" bar on the Court's authority.  Id.  First, it is not clear that Hawaii tolling principles require the same jurisdictional analysis.  See Office of Haw. Affairs, 110 Haw. at 360 (discussing equitable tolling without reference to any jurisdictional analysis); Paco v. Myers, 143 Hawaii 330, 430 P.3d 891 (Ct. App. 2018) (same).  Second, even if the Court applied federal equitable tolling principles, the text of the limitations period at issue is analogous to the limitations period the Supreme Court found non-jurisdictional in Kwai Fun Wong, and the Court would reach the same conclusion here.  In Kwai Fun Wong, the Supreme Court stated that "most time bars are nonjurisdictional," noting that "[t]ime and again, we have described filing deadlines as quintessential claim-processing rules, which seek to promote the orderly progress of litigation," but are nonjurisdictional because they "do not deprive a court of authority to hear a case."  575 U.S. at 410.  The Supreme Court thus found 28 U.S.C. § 2401(b) was nonjurisdictional. That statute contains the following "mundane statute-of-limitations language":  "A tort claim against the United States shall be forever barred unless it is presented . . . within two years after such claim (Continued . . .)

As explained above, when Defendant failed to comply with the settlement agreement, Plaintiff diligently pursued his rights to obtain enforcement of the settlement agreement. Plaintiff brought a motion to enforce the agreement, on which he received a favorable ruling and obtained a court-appointed receiver. ECF Nos. 53, 54. Plaintiff and the court-appointed receiver continued to seek relief for Defendant's ongoing violations of the settlement agreement over the next three years. When the Court ultimately denied the receiver's motion for a writ of possession and ejectment based on Plaintiff lacking title, ECF No. 99, Plaintiff promptly filed his amended complaint to foreclose his mortgage on the property, ECF No. 100.

Plaintiff has also been faced with extraordinary circumstances preventing his timely filing of a new action: the Court granted his Enforcement Motion in 2015. ECF Nos. 51, 53. Had the Court held then that the stipulated dismissal divested it of jurisdiction (as it later held in the April 16 Order),

---

accrues or unless action is begun within six months after" the agency's denial of the claim. The Court here considers the similar language of HRS § 657-1, which provides: "The following actions shall be commenced within six years next after the cause of action accrued, and not after: (1) Actions for the recovery of any debt founded upon any contract . . . ." Like the statute in Kwai Fun Wong, HRS § 657-1 "does not speak in jurisdictional terms" and "does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers." Kwai Fun Wong, 575 U.S. at 410-11; see also Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 154, 133 S. Ct. 817, 824, 184 L. Ed. 2d 627 (2013) (finding nonjurisdictional the time limitation on when health care providers may file an administrative appeal from an initial reimbursement determination).

Plaintiff could have simply, and timely, filed a new action to foreclose his mortgage.  The Court will not now prevent Plaintiff from seeking that relief where he reasonably relied on the Court's prior orders.  See Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1053 (9th Cir. 2013), aff'd and remanded sub nom. United States v. Kwai Fun Wong, 575 U.S. 402, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015) (applying equitable tolling where the court granted leave to file an amended complaint after the limitations period had elapsed, and noting that "by informing the parties and the court of her desire to file an FTCA claim well before the filing deadline and requesting leave to do so, Wong fulfilled the notice concern that partially underlies limitations statutes"); Sossa v. Diaz, 729 F.3d 1225, 1230 (9th Cir. 2013) (applying equitable tolling where a habeas petitioner relied on a magistrate judge's extension of time to file a petition instead of complying with the earlier statutory deadline).[2]

The Court finds that Plaintiff has been diligently pursuing his rights well within the statutory deadlines and that Plaintiff has faced extraordinary circumstances and reasonably

---

[2] Although these are both federal cases, as stated above, the Hawaii Supreme Court has adopted the the same two elements for equitable tolling as apply under federal law and the Court accordingly finds the federal decisions persuasive.  Chun v. City & Cty. of Honolulu, No. CV 18-00131 JMS-RT, 2020 WL 3965943, at *3 n.6 (D. Haw. July 13, 2020) ("Because Hawaii has largely adopted the federal standard for equitable tolling, the court relies on federal cases discussing equitable tolling as it relates to a mental impairment.").

relied on the Court's orders which have prevented him from timely filing a new action.  Accordingly, the Court holds that equitable tolling applies and DENIES Defendant's Motion on the statute of limitations.

**II.  Forum Selection Clause**

Defendant's second argument for reconsideration is that the Court failed to consider a forum selection clause in the settlement agreement.  The promissory note that served as the basis for the parties' settlement included a provision stating, "The Debtor hereby acknowledges that jurisdiction for this transaction remains in Hawaii County, State of Hawaii."  ECF Nos. 136; 111-2.  Defendant argues that this constitutes a binding exclusive forum selection clause requiring any dispute to be brought in Hawaii County state court.

Defendant may not make this argument on reconsideration because she could have done so in opposing the motion for summary judgment.  Indeed, in her Opposition and Counter Motion to Dismiss, Defendant requested that the Court require Plaintiff "to bring any separate enforcement action anew, either in this District Court in the regular course or in Hawaii County State Third Circuit Court which the parties jointly contractual[ly] chose as their forum of choice in the first place."  ECF No. 119 at 23.  Defendant thus conceded that Plaintiff could bring a separate enforcement action anew in this

- 10 -

District Court, and she cannot rely on Rule 59(e) to now alter her tactic. As stated above, a Rule 59(e) motion does not permit the submission of additional arguments "that the moving party could have raised before the decision issued." Banister, 140 S. Ct. at 1703.

Further, Plaintiff correctly points out that Defendant waived this argument by failing to raise it until now. Opp. to Reconsideration Motion at 10-11 (citing E. & J. Gallo Winery v. Encana Energy Services, Inc., 388 F. Supp. 2d 1148, 1161-62 (E.D. Cal. 2005) ("Defendants have waived any invocation of the forum selection clause. . . . Rule 12 provides that any objection to venue must be made in connection with the first motion pursuant to Rule 12 or the objection to venue is waived")). Rule 12(h) provides that a defense of improper venue is waived if a defendant does not include it in her first Rule 12 motion or, if no such motion is filed, in her answer. "This principle applies to motions to dismiss for improper venue based on contractual forum selection clauses as well as on statutory venue issues." Am. Home Assurance Co. v. TGL Container Lines, Ltd., 347 F. Supp. 2d 749, 765 (N.D. Cal. 2004). Defendant did not file any Rule 12 motion prior to her Answer (as is required for a Rule 12 motion based on improper venue), and her Answer does not reference a forum selection clause defense. See ECF

No. 102 (Defendant's Answer). Accordingly, Defendant has waived the argument.

Regardless, the Court would not apply the so-called "forum selection clause" that Defendant points to because it is not mandatory. Even if a forum selection clause is valid, the court must also determine whether it is mandatory or permissive. Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 763 (9th Cir. 1989). Permissive forum selection clauses "agree that jurisdiction and venue would be proper in a particular forum," whereas mandatory forum selection clauses "agree that suit is proper only in that forum." Greys Ave. Partners, LLC v. Theyers, 431 F. Supp. 3d 1121, 1133 (D. Haw. 2020) (finding a forum selection clause permissive where it stated the parties had submitted "to the nonexclusive jurisdiction" of New Zealand courts).

Courts have found forum selection clauses permissive where they include language such as, "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law." Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 76 (9th Cir. 1987) ("Although the word 'shall' is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction. Thus, [the defendant] cannot object to litigation in the Orange County Superior Court on the ground that the court lacks personal jurisdiction. Such

consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court."); see also N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1036 (9th Cir. 1995) (concluding that clause stating that arbitrator's decision "shall be enforceable . . . in the Superior Court of the City and County of San Francisco, State of California" meant parties consented to jurisdiction and venue there, but did not forbid litigation elsewhere because it did not clearly require exclusive jurisdiction there).

In contrast, mandatory forum selection clauses include language such as, "Any dispute arising must be treated before the London Court of Justice." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 2, 92 S. Ct. 1907, 1909, 32 L. Ed. 2d 513 (1972); see also Docksider, Ltd., 875 F.2d at 763 (concluding that the forum selection clause was mandatory when the clause provided that "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia"); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 275 (9th Cir. 1984) (concluding that the forum selection clause was mandatory when the clause provided that "any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other)"), overruled in part on other

grounds in Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 127 S. Ct. 2411, 168 L. Ed. 2d 112 (2007); Talatala v. Nippon Yusen Kaisha Corp., 974 F. Supp. 1321, 1325 (D. Haw. 1997) (holding that the forum selection clause was mandatory when the contract stated that "any action thereunder shall be brought before the Tokyo District Court in Japan").

The language Defendant cites here is permissive.  The language provides that jurisdiction "remains" in Hawaii County, but does not provide any indication that remaining jurisdiction is to the exclusion of other venues.  Said differently, the language here acknowledges that Hawaii County has jurisdiction, but unlike language found mandatory in other cases, the relevant clause contains no reference to "any action" or "any dispute" being limited exclusively to Hawaii County.

Because Defendant's argument regarding the forum selection clause is improperly brought under Rule 59(e), has been waived, and the Court finds that it lacks merit regardless, Defendant's Motion on this basis is DENIED.


**CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion for Reconsideration, ECF No. 136.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, July 31, 2020.



Alan C. Kay
Sr. United States District Judge

<u>Ruppersberger v. Ramos</u>, Civ. No. 11-00145 ACK-KJM, Order Denying Defendant's Motion for Reconsideration.